NO. 07-03-0383-CR


NO. 07-03-0384-CR


NO. 07-03-0385-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 24, 2005



______________________________




DAVID MATTHEW LAYTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 34,435-C, 34,436-C, 34,437-C; HONORABLE PATRICK PIRTLE, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1) 

 In these companion cases, appellant David Matthew Layton was convicted of
aggravated kidnapping and aggravated sexual assault of a child. We affirmed the trial court
conviction in each case. See Layton v. State, No. 07-96-0234-CR, 1997 Lexis 5257 (Tex.
App.-Amarillo Oct. 3, 1997, pet. ref'd); Layton v. State, No. O7-96-O235-CR, 1997 Lexis
5258 (Tex. App.-Amarillo Oct. 3, 1997, pet. ref'd); and Layton v State, No. 07-96-0236-CR,
1997 Lexis 5259 (Tex. App.-Amarillo Oct. 3, 1997, pet. ref'd). Appellant now asserts that
the trial court reversibly erred in denying his motions for post-conviction forensic DNA
testing. For the reasons set out below, we disagree the trial court erred, and we affirm the
trial court's denial of those motions.

 Texas Code of Criminal Procedure article 64.03(a)(2)(A) provides that a trial court
may only order forensic DNA testing if the convicted person establishes by a
preponderance of the evidence that the person would not have been convicted if
exculpatory results had been obtained through DNA testing. Tex. Code Crim Proc. Ann.
art 64.03(a)(2)(A) (Vernon Supp. 2004-05). In advancing his contention that his motions
should have been granted, appellant, for the most part, again challenges in some detail the
legal and factual sufficiency of the evidence to support his conviction. In addition, he
specifically argues that the victims never made a firm identification of him as the culprit and
emphasizes that the State's evidence shows he arrived at the scene of the crimes just after
the commission of the crimes. 

 However, the evidence in these cases was reviewed in somewhat exhaustive detail
in our opinions affirming the convictions, and appellant has not presented any contentions
here that were not within the bounds of our prior discussion of the sufficiency of the trial
evidence. Because of the nature of the evidence sustaining appellant's conviction,
appellant has not borne his burden to show by a preponderance of the evidence that he
would not have been prosecuted or convicted if exculpatory results had been obtained
through DNA testing.

 Accordingly, the trial court's denial of appellant's amended motions for DNA testing
of evidence must be, and are hereby, affirmed in each case.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005). 



="1" Name="Default Paragraph Font"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00369-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
26, 2011

 



 

LONNIE MOORE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO. 1
OF LUBBOCK COUNTY;

 

NO. 2010-460,904; HONORABLE LARRY B. "RUSTY" LADD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ON ABATEMENT AND REMAND

 

            Appellant Lonnie Moore appeals from
the trial courts judgment finding her guilty of assault and sentencing her to
365 days of imprisonment.  Appellant
filed notice of appeal on September 22, 2010. 
The clerks record was received and filed on November 17.  The reporters record was due on December
15.  By letter of January 3, 2011, this
Court advised the reporter that the appellate record was late and directed the
reporter to advise the Court of the status of the appellate record on or before
January 13.  As of this date, the court
reporter has failed to comply with the directive of the Court.

 

            Accordingly, we abate this appeal
and remand the cause to the trial court for further proceedings.  See
Tex. R. App. P. 35.3(c).  On remand, the
trial court shall utilize whatever means necessary to determine the following:

 

1.    Why the reporter has not responded to
the Courts directive;

2.    Why the reporters record has not
been filed;

3.    When this Court can expect the record
to be filed; and

4.    Whether an alternative or substitute
reporter should or can be appointed to complete the record in a timely manner.

 

The trial court shall cause any hearings to be
transcribed.  In addition, the trial
court shall (1) execute findings of fact and
conclusions of law addressing the foregoing issues, (2) cause a supplemental
clerk's record to be
developed containing its findings of fact and conclusions of law and any orders
it may issue relating to this matter, and (3) cause a reporter's record
to be developed transcribing the evidence and arguments presented at the
aforementioned hearing, if any. The trial court shall then file the
supplemental clerk's record and any reporter's record transcribing the
hearing with the clerk of this court on or before February 25, 2011. Should
further time be needed by the trial court to perform these tasks, same must be
requested before February 25, 2011.

It is so ordered.

 

                                                                                    Per
Curiam

 

Do
not publish.